IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN SLAFTER, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:21-cv-150<br>) |
| v. | ) Removal from the Circuit Court of<br>) Madison County, Illinois<br>) |
| WALGREEN COMPANY d/b/a WALGREENS, | ) Case No.: 2020 L 1777<br>)<br>) |
| Defendant. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Walgreen Company d/b/a/ Walgreens ("Walgreens" or "defendant") removes to the United States District Court for the Southern District of Illinois, East St. Louis, the civil action pending against it in the Circuit Court of Madison County, Illinois. In support of removal, Walgreens states as follows:

1. Plaintiff Brian Slafter ("plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Madison County, Illinois on December 17, 2020, entitled *Brian Slafter, individually and on behalf of all similarly situated individuals v. Walgreen Company d/b/a Walgreens,* Case No. 2020 L 1777 (the "State Court Action"). Plaintiff served Walgreens' registered agent with the Complaint on January 12, 2021.

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. §1332(d). These requirements are all met.

4. This Notice of Removal is filed within 30 days of the date that Walgreens was served and is accordingly timely. 28 U.S.C. §1446(b)(1); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

## VENUE IS PROPER

5. The Circuit Court of Madison County, Illinois, is located within the United States District Court for the Southern District of Illinois, East St. Louis. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## ALL REQUIREMENTS FOR CAFA JURISDICTION ARE MET

6. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

7. Here, the Complaint alleges a Biometric Information Privacy Act ("BIPA") class action on behalf of a putative class of "All employees who entered Defendant's Walgreens Locations in the State of Illinois who had their facial geometry scanned, biometric identifiers, and/or biometric information collected, captured, received, or otherwise obtained, maintained, stored, disclosed, or disseminated by Defendant during the applicable statutory period." (Exhibit A, Compl. ¶61.) Accordingly, this action is properly considered a "class action" under CAFA.

8. CAFA's minimal diversity requirement is met. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). At least 70 putative class members who use or used the equipment at issue are Missouri citizens with Missouri home addresses. Walgreens is an Illinois citizen, as it is incorporated in Illinois with its principal place of business in Illinois. *See* Declaration of Julie Schotanus, ¶¶3-4, attached as **Exhibit B**. *See also Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F.Supp.3d 928, 933 n. 2 (N.D. Ill. 2017) ("For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and the State ... where it has its principal place of business.'") (citing 28 U.S.C. §1332(c)(1)).

9. Thus, 70 putative class members are diverse from Walgreens, which satisfies minimal diversity. *See Miller v. Southwest Airlines Co.*, 926 F.3d 898, 905 (7th Cir. 2019) ("if even one person who works for United in Illinois, uses fingerprints to clock in and out, and is a citizen of any state other than Delaware or Illinois, the requirement of minimal diversity is met"). *Miller* further held that BIPA does not "exclude people who work in Illinois, provide biometric data in Illinois, but are domiciled in other states." Nor did the *Miller* complaint limit the class to "citizens of Illinois" on the "date of removal." Thus, "post-removal amendments to a complaint" to attempt to add such a limitation after removal "do not eliminate jurisdiction proper at the time of removal." *Id*. at 905, citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n. 6 (2007). *See also Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (a "federal court's jurisdiction under CAFA is determined at the time of removal").

10. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA. 28 U.S.C. §1332(d)(6). It must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). The Complaint does not

specify a damages figure or plead any amount sought. It seeks "statutory damages of $5,000 for each intentional and/or reckless violation … or $1,000 for each negligent violation of BIPA." (Exhibit A, Compl., Prayer for Relief (C).) The Complaint further alleges that plaintiff and each putative class member suffered five violations of Section 15 – specifically Section 15(a), Section 15(b)(1), Section 15(b)(2), Section 15(b)(3), and Section 15(d). (*Id.* ¶¶77, 85-86, 94, Prayer for Relief (C).)

11.     Walgreens has determined that the putative class is at least 205 employees. (Exhibit B, ¶4.) Thus, the "matter in controversy" aggregated across the putative class plausibly exceeds $5,000,000. (Five violations per employee x $5,000 per violation x 205 employees = $5,125,000). (*Id.*, ¶6.) Plaintiffs' request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., Prayer for Relief (E) & (F).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

12.     Other damages theories would exceed the threshold as well. For example, plaintiff further alleges that he (and the putative class members) are required to undergo a daily face scan "at the beginning of each shift in order to secure a passing temperature reading." (Exhibit A, Compl., ¶6.) Since plaintiff seeks $1,000 to $5,000 in statutory damages for each alleged violation of BIPA, it is plausible that he seeks to recover that amount each time his face is allegedly scanned. If we conservatively assume one scan per day x 30 days worked x 205 employees x $1,000 per scan, the purported damages are $6,150,000 aggregated across the putative class.

(Exhibit B, ¶7.) *See, e.g., Peatry v. Bimbo Bakeries USA, Inc.*, 2019 WL 3824205 (N.D. Ill. Aug. 7, 2019) (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members clocked in and out of work").

13. Walgreens denies the validity and merit of plaintiff's BIPA claim. But, for purposes of setting forth grounds for this Court's jurisdiction, the amount in controversy is satisfied under 28 U.S.C. §1332(d)(6). For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

14. Under CAFA, Walgreens need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

15. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's

rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

16.     Under 28 U.S.C. §1446(d), Walgreens will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Madison County, Illinois.

**WHEREFORE**, Defendant Walgreen Company respectfully requests that this litigation be removed from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated:   February 10, 2020                              Respectfully submitted,

                                                        By: /s/ Sarah Kuehnel
                                                            One of the Attorneys for Defendant
                                                            WALGREEN COMPANY d/b/a
                                                            WALGREENS

Sarah Kuehnel (ARDC No. 6301817)
Mallory S. Zoia (ARDC No. 6328649)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone:    314.412.8059
Facsimile:    314.802.3936
*sarah.kuehnel@ogletree.com*
*mallory.zoia@ogletree.com*

Anne E. Larson (ARDC No. 6200481)
(admission pending)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:    312.558.1220
Facsimile:    312.807.3619
*anne.larson@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 10, 2021, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

> Ryan F. Stephan
> James B. Zouras
> Catherine T. Mitchell
> STEPHAN ZOURAS LLP
> 100 N. Riverside Plaza
> Suite 2150
> Chicago, IL 60606
>
> ***Attorneys for Plaintiff***

/s/ Sarah Kuehnel
One of the Attorneys for Defendant

45952055.1